UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PURCELL BRONSON, | : | CIVIL NO:   3:16-cv-00472 |
| Plaintiff | : | |
| | : | (Judge Caputo) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| THE GENERAL ASSEMBLY OF THE STATE OF PENNSYLVANIA, PAST AND PRESENT MEMBERS, *et al.,* | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

**I. Introduction.**

The plaintiff, Prucell Bronson, is a frequent filer who has three or more strikes under 28 U.S.C. § 1915(g).  Because Bronson has not presented allegations from which it can reasonably be inferred that he was under imminent danger of serious physical injury at the time that he filed this action, we recommend that the Court deny his motion for leave to proceed *in forma pauperis* and dismiss the case without prejudice to Bronson refiling the case if he pays the filing fee.

**II. Background and Procedural History.**

On March 17, 2016, Bronson began this action by filing a complaint naming the General Assembly of Pennsylvania, its past and present members, the

Pennsylvania Board of Probation and Parole, and the Pennsylvania Courts of Common Pleas, all in their official capacities.  Bronson, who was convicted of second-degree homicide and sentenced to life in prison, alleges that in 1979, the Court of Common Pleas of Philadelphia County failed to sentence him in accord with Pennsylvania's Sentencing Code because it did not impose a minimum sentence.  Bronson claims that the failure to impose a minimum sentence deprived him of due process.  He alleges that although the General Assembly created the Pennsylvania Board of Probation and Parole to oversee parole for prisoners convicted of non-homicide crimes, it excluded prisoners convicted of homicide from the opportunity for parole by failing to create an agency to oversee parole for prisoners sentenced to life imprisonment.  According to Bronson, the General Assembly's practice of providing minimum sentences and a parole agency for non-homicide prisoners, but failing to provide the same for prisoners, like him, convicted of second-degree homicide violates his right to equal protection under the Fourteenth Amendment to the United States Constitution.

    Bronson seeks a declaratory judgment declaring: (1) that he is eligible for parole; (2) that his sentence is a minimum sentence of one day and a maximum sentence of life; (3) that the defendants' practices and policies are unlawful and discriminatory; (4) that when the term "sentence" is used without the modifier

maximum, it nevertheless means "maximum sentence"; (5) that a life sentence is not a mandatory minimum sentence under Pennsylvania's Mandatory Minimum Sentencing Act; and (6) that the defendants acts, actions, practices and polices violate his rights under the First, the Eighth, and the Fourteenth Amendments as well as Pennsylvania law.  Bronson also seeks a preliminary and a permanent injunction requiring the General Assembly to create, fund, and implement an agency to parole and oversee prisoners serving life sentences; in the alternative, Bronson seeks injunctive relief in the form of an order striking 61 Pa.C.S. 6137(a)(1)[1] as unlawful. Bronson further seeks compensatory and punitive damages.

The Clerk of Court docketed the complaint in this action as a 28 U.S.C. § 2254 petition for a writ of habeas corpus action, and on March 23, 2016, the Clerk issued an administrative order directing Bronson to either pay the $5.00 filing fee

---

[1] 61 Pa.C.S.A. § 6137(a)(1) provides:
    The board may parole subject to consideration of guidelines established under 42 Pa.C.S. § 2154.5 (relating to adoption of guidelines for parole) and may release on parole any inmate to whom the power to parole is granted to the board by this chapter, except an inmate condemned to death or serving life imprisonment, whenever in its opinion:
(i) The best interests of the inmate justify or require that the inmate be paroled.
(ii) It does not appear that the interests of the Commonwealth will be injured by the inmate's parole.

3

applicable to habeas actions or to file an application for leave to proceed *in forma pauperis*. *Doc. 2*. Determining that the complaint was improperly docketed as a habeas corpus case, on March 28, 2016, we vacated the administrative order of the Clerk. We reasoned that the claims in Bronson's complaint would not necessarily spell immediate or speedier release from his imprisonment *(doc. 3* at 3-5), and, thus, habeas was not the appropriate action.   As an alternative, the Court, posited that Bronson intended his claims as 42 U.S.C. § 1983 claims, and we directed the Clerk to issue an administrative order regarding the filing fee applicable to prisoner civil rights cases. *Doc. 2* at 5.   Subsequently, the Clerk issued an administrative order directing Bronson to either pay the $350.00 filing fee applicable to civil rights actions or to file an application for leave to proceed *in forma pauperis*. *Doc. 4*.   On May 4, 2016, Bronson filed an application for leave to proceed *in forma pauperis*. *Doc. 5*.

**III.  Discussion.**

In accordance with 28 U.S.C. §1915(g) (commonly referred to as the three-strikes provision), Bronson cannot proceed with this case without paying the filing fee.   The three-strikes provision provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding

4

> under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Under Section 1915(g), a prisoner with three strikes may not file a civil action unless he is under imminent danger of serious physical injury. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3d Cir. 2001). The focus is on the time when the civil action was brought. *Id.*

It is not in dispute that Bronson has had at least three cases or appeals dismissed as frivolous, malicious, or for failure to state a claim: he admits so in his application to proceed *in forma pauperis*,[2] *(doc. 5)* and courts have previously taken notice that Bronson has three strikes.[3] Thus, Bronson may not proceed *in forma pauperis* in this action unless he was under imminent danger of serious physical injury at the time he filed the complaint in this case.

---

[2] *See, e.g.*, *Bronson v. Edwards*, No. 97-3056 (3d Cir. Order of 5/27/1997 dismissing appeal as frivolous); *Bronson v. Newfield,* No. 96–7771 (3d Cir. Order of 6/18/1997 dismissing appeal as frivolous); *Bronson v. Stapleton,* No. 93–3307 (3d Cir. Order of 12/28/1993 dismissing appeal pursuant to 28 U.S.C. § 1915(d)).
[3] *See, e.g.*, *Bronson v. Naji*, No. 11-260, 2012 WL 242893 (W.D. Pa. Jan. 25, 2012); *Bronson v. Hunt*, No. 10-1517, 2010 WL 5146599 (W.D. Pa. Dec. 13, 2010); *Bronson v. Neal*, No. 3:10-CV-530, 2010 WL 3239381 (M.D. Pa. Aug. 16, 2010).

A plaintiff's allegations of imminent danger must be construed liberally in the plaintiff's favor. *Gibbs v. Roman*, 116 F.3d 83, 86 (3d Cir. 1997), *overruled on other grounds by Abdul-Akbar*, 239 F.3d at 312. A complaint alleging imminent danger of serious physical injury must be credited as having satisfied the threshold criterion of § 1915(g) unless the imminent danger element is challenged by the defendant. *Id.* But this does not mean that the "court must accept any and all allegations of injury as sufficient to forestall application of 28 U.S.C. §1915(b)." *Gibbs v. Cross*, 160 F.3d 962, 1967 (3d Cir. 1998). The court is not required to accept allegations that are fantastic, delusional, irrational, or wholly incredible. *Brown v. Sec'y of PA Dept. of Corr.*, 486 F. App'x 299, 302 (3d Cir. 2012).

The court must assess whether the plaintiff was under imminent danger of serious physical injury at the time the complaint was filed. *Abdul-Akbar,* 239 F.3d at 312. The plaintiff need not be suffering from an existing serious physical injury in order to qualify under the statutory exception to the 'three strikes' provision. *Gibbs v. Cross,* 160 F.3d 962, 967 (3d Cir. 1998). "It is sufficient that the condition poses an imminent danger of serious physical injury." *Id.* "'Imminent' dangers are those dangers which are about to occur at any moment or are impending." *Abdul-Akbar*, 239 F.3d at 315. "Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be

described as 'imminent.'" *Id.* at 313.   "The 'imminent danger' exception to § 1915(g)'s 'three strikes' rule is available 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Banks v. Crockett*, No. CIV.A. 1:07-CV-1019, 2007 WL 1655504, at *1 (M.D. Pa. June 7, 2007)(quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)).

Here, Bronson, in his application to proceed *in forma pauperis* admits that he is not "under imminent danger of serious physical injury." *Doc.5* at 2. Furthermore, there are no allegations in his complaint which lead to a reasonable inference that he was in imminent danger of serious physical injury at the time that he filed the complaint in this case.

Given that Bronson has had at least three cases or appeals dismissed as frivolous, malicious, or for failure to state a claim and he has failed to show that he is under imminent danger of serious physical injury, we recommend that his application for leave to proceed *in forma pauperis* be denied and that the case thus be dismissed without prejudice to Bronson refiling it along with the full filing fee for a civil rights action.

**IV.   Recommendations.**

For the foregoing reasons, it is recommended that Bronson's application (doc. 5) for leave to proceed *in forma pauperis* be denied and that the case be dismissed

without prejudice to Bronson refiling the case along with the full filing fee.

Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.   Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.   The briefing requirements set forth in Local Rule 72.2 shall apply.   A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.   The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.   The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 27th day of May, 2016.

                                    S/Susan E. Schwab
                                    Susan E. Schwab
                                    United States Magistrate Judge